UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY A. PARKS,

    Petitioner,

v.

    Case No. 2:12-CV-13361
    Hon. Nancy G. Edmunds

LLOYD RAPELJE,

    Respondent.
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Ricky Parks, ("Petitioner"), presently confined at the Saginaw Correctional Facility, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his pro se application, Petitioner challenges a detainer issued by the Houston County Circuit Court in Dothan, Alabama, on April 4, 2006. For the reasons stated below, the application for writ of habeas corpus is summarily denied.

**I. Background**

Petitioner is an inmate at a Michigan Correctional Facility where he was serving concurrent seven-to-fifteen year terms of imprisonment for his convictions of two counts of first-degree criminal sexual conduct. An attachment to his petition indicates that the Department of Corrections anticipated releasing him on parole on June 20, 2012.

On April 5, 2006, an Alabama court filed a detainer seeking to have Petitioner held before his release so he could be transported to Alabama for a probation violation offense. The detainer

indicates that the original charge was Theft of Property II. Another attachment to the petition indicates that Petitioner refused to waive his rights under the Interstate Agreement on Detainers, and he is requiring the Alabama authorities to pursue extradition proceedings.

The petition asserts that Petitioner was unlawfully arraigned on July 12, 2012, at the Saginaw Correctional Facility, and that the detainer filed by the Alabama court is otherwise invalid. Petitioner does not claim that he has attempted to raise any of his claims in any state court.

## II. Standard of Review

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke*, 178 F. 3d 434, 436 (6th Cir. 1999); *See also Hamby-Bey v. Bergh*, No. 2008 U.S. Dist. LEXIS 60776, 2008 WL 3286227, * 1 (E.D. Mich. August 7, 2008); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Allen v. Perini*, 424 F. 2d 134, 141 (6th Cir. 1970) (district court has duty to screen out any habeas corpus petition which lacks merit on its face).

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that Petitioner's claims do not entitle him to habeas relief, such that the petition

must be summarily dismisses. *See McIntosh v. Booker*, 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

### III.  Analysis

The instant petition must be dismissed because petitioner has yet to be convicted of any criminal charges in the challenged case. In the absence of "special circumstances,"federal habeas corpus relief is not available to review the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). A state criminal case is therefore ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his or her direct appeals. *Allen v. Attorney General of the State of Maine*, 80 F. 3d 569, 572 (1st Cir. 1996); *See also Hoard v. State of Michigan*, No. 2005 WL 2291000, *1 (E.D. Mich. September 19, 2005).

Although federal courts have jurisdiction to hear pretrial habeas corpus petitions, a federal court should normally abstain from exercising this jurisdiction to consider a pretrial habeas petition if the issues raised in the petition may be resolved either by trial in the state courts or by other state procedures available to the petitioner. *See Atkins v. People of the State of Michigan*, 644 F. 2d 543, 545-546 (6th Cir. 1981). Where a habeas petitioner's claims, if successful, would be dispositive of pending state criminal charges, the claims may be exhausted only by presenting the issues at the trial in state court, including claims that provide an affirmative defense to the criminal charges and claims that would "abort a state criminal proceeding, dismiss an indictment, or prevent a prosecution." *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994). The practical effect of this exhaustion requirement is that review of dispositive claims in habeas is not available prior to a state trial. *Id*.

Claims involving alleged pre-trial violations of the Interstate Agreement on Detainers are not exempted from the exhaustion requirement of 28 U.S.C. § 2254(b). *See Dickerson v. State of La.*, 816 F. 2d 220, 225 (5th Cir. 1987); *See also Dillon v. Hutchinson*, 82 Fed.Appx. 459, 461-62 (6th Cir. 2003)(pre-trial habeas petitioner not entitled to habeas relief when he failed to exhaust his IAD claim with the state courts); *Schofs v. Warden, FCI, Lexington*, 509 F. Supp. 78, 82 (E.D. Ky. 1981)(where a habeas petitioner has not properly exhausted his state judicial remedies with respect to his motion to dismiss state charges underlying a detainer against him, the district court would refrain from considering the merits of petitioner's claim concerning those charges).

Because Petitioner does not claim that he has exhausted his state court remedies with respect to any of his claims, the petitioner must be dismissed.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to Petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

4

For the reasons stated in this opinion, the Court will deny Petitioner a certificate of appealability because she has failed to make a substantial showing of the denial of a federal constitutional right. *See Millender v. Adams*, 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002). Indeed, it would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after he or she dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *Alexander v. Harris*, 595 F. 2d 87, 91 (2nd Cir. 1979).

The Court will also deny Petitioner leave to appeal in forma pauperis, because the appeal would be frivolous. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is SUMMARILY DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED That a Certificate of Appealability is DENIED.

IT IS FURTHER ORDERED that Petitioner will be DENIED leave to appeal in forma pauperis.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 8, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 8, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager